GEORGE LEUDERS & CO. v. FAHLBERG SACCHARINE WORKS OF AMERICA.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. SALES (§ 152*)—PERFORMANCE OF CONTRACT—OBLIGATION TO DELIVER.

Under Personal Property Law (Consol. Laws, c. 41) § 124, as added by Laws 1911, c. 571, providing that, apart from any contract, express or implied, or usage of trade, to the contrary, the place of delivery is the seller's place of business, if he have one, where the letters constituting a contract of sale indicated no place of delivery, and the buyer had not called for the goods, there was no breach of contract by the seller, and there could be no recovery for its failure to deliver the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 357; Dec. Dig. § 152.*]

2. SALES (§ 174*)—PERFORMANCE OF CONTRACT—OBLIGATION TO DELIVER.

A seller was not in default, and there could be no recovery for its failure to deliver the goods, where there had been no tender of the purchase price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 434; Dec. Dig. § 174.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George Leuders & Co. against the Fahlberg Saccharine Works of America. From a judgment for plaintiff, after a trial by the judge without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

John Larkin, of New York City (Alexander S. Andrews, of New York City, of counsel), for appellant.

Albert W. Gray, of New York City (James P. Callender, of New York City, of counsel), for respondent.

BIJUR, J. [1, 2] Plaintiff sues for damages caused by the failure of defendant to deliver certain goods. The letters in evidence, which constituted the contract between the parties, do not, as I read them, indicate any place of delivery. Consequently section 124 of the Personal Property Law applies, and makes the place of delivery the seller's (appellant's) place of business, and as plaintiff respondent did not call for the goods, there was no breach of contract by defendant. Moreover, without a tender of the purchase price (which was not made) respondent had not placed defendant in default. British Aluminum Co., Ltd., v. Trefts, 163 App. Div. 184, 148 N. Y. Supp. 144.

Judgment reversed, with costs, and complaint dismissed. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes